IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| JAMES BUCCELLI, | CV 14-19-H-DLC-RKS |
|---|---|
| Petitioner, | |
| vs. | ORDER |
| MARTIN FRINK; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

Pro se Petitioner James Buccelli filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Buccelli argues that there was insufficient evidence to support his 2012 conviction for burglary. Buccelli also briefly asserts that his appellate counsel was ineffective.

United States Magistrate Judge Keith Strong entered his Findings and Recommendation on September 29, 2014, recommending that Buccelli's petition be dismissed and a certificate of appealability be denied. Buccelli timely filed objections and is therefore entitled to de novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for

clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, this Court adopts Judge Strong's Findings and Recommendation in full. The parties are familiar with the factual and procedural background of this case, so it will not be repeated here.

## I. Insufficient Evidence

Habeas relief will only be granted if a petitioner can show that, upon the evidence presented at trial, "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

A jury convicted Buccelli of burglary. The victims of the burglary, Mr. and Mrs. Brown, positively identified Buccelli as the intruder. The Browns told police that the intruder smelled of cigarettes, alcohol, and body odors. The officer who detained Buccelli testified that he smelled strongly of alcohol and body odors.

Buccelli nonetheless contends that the evidence presented at trial was insufficient to support his conviction. Buccelli points to certain portions of the record where the evidence is arguably conflicting. However, none of the evidence offered by Buccelli calls into doubt the jury's verdict of guilty. Upon review of the evidence offered at trial, it is obvious that a rational trier of fact could have found Buccelli guilty beyond a reasonable doubt.

Buccelli contends that he could not be the intruder in question because he was in police custody at the same time the homeowner, Mr. Brown, was on the phone with 911 explaining that the intruder was still in the house. However, a reasonable juror could have deduced that Buccelli exited the house through the back door while Mr. Brown was still on the phone, and because he could not see the back door, mistakenly thought Buccelli was still in the house.

Additionally, Buccelli argues that he could not be the intruder because the Browns testified that the intruder smelled of body odor, alcohol, and cigarettes, and two detention officers who processed Buccelli testified that he only smelled of alcohol. This contention is frivolous and does nothing to call the sufficiency of the evidence into question. At this stage the evidence must be viewed in the light most favorable to the prosecution. A rational juror could have simply disregarded this minor discrepancy in the description of the intruder's and Buccelli's smell. The evidence offered at trial was sufficient to support a verdict of guilty beyond a reasonable doubt.

## II. Ineffective Assistance of Counsel

Buccelli also maintains that his habeas petition should be granted because his appellate counsel provided ineffective assistance. In support of this argument, Buccelli asserts that his appellate counsel erroneously described the details of the

night of the home invasion in her *Anders* brief. In particular, Buccelli maintains that his appellate counsel mistakenly stated that Mrs. Brown, one of the homeowners, testified that she had see his face in her home on the night of the burglary. Buccelli contends that Mrs. Brown never testified that she had actually seen his face and appellate counsel's error amounts to ineffective assistance of counsel.

*Strickland v. Washington*, 466 U.S. 668 (1984), directs the proper standard for an ineffective assistance claim. *Smith v. Murray*, 477 U.S. 527, 535–536, (1986) (applying the *Strickland* standard to a claim of attorney error on appeal). Under *Strickland*, Buccelli must show that: (1) his appellate counsel's "representation fell below an objective standard of reasonableness," 466 U.S. at 687-688; and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," 466 U.S. at 694.

Buccelli fails to demonstrate that his appellate counsel's representation fell below an objective standard of reasonableness, but even if he were able to show this, Buccelli fails to show any probability that absent the error he identifies the result of his appeal would have been different. Both Mr. and Mrs. Brown personally identified Buccelli as the home invader to police on the night of the

4

burglary and testified to this fact at trial. Buccelli's ineffective assistance of counsel claim fails.

Buccelli's claims fall far short of "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(a)(2). Accordingly, a certificate of appealability is denied.

There being no clear error in Judge Strong's remaining Findings and Recommendation, IT IS ORDERED:

(1) Judge Strong's Findings and Recommendation (Doc. 10) are ADOPTED IN FULL.

(2) Buccelli's petition (Doc. 1) for a writ of habeas corpus is DENIED. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Buccelli.

(3) A certificate of appealability is DENIED.

DATED this 15th day of December 2014.

Dana L. Christensen, Chief Judge
United States District Court